THE HONORABLE MARY JO HESTON
CHAPTER 13
HEARING DATE: January 18, 2018
HEARING TIME: 1:00 P.M.
LOCATION: Tacoma, Washington

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re:<br><br>STEWART WALKER MILLER and<br>LYNN JULIE MILLER,<br><br>Debtors. | Case No.: 17-43635-MJH<br><br>TRUSTEE'S OBJECTION TO CONFIRMATION WITH STRICT COMPLIANCE |

**COMES NOW**, Michael G. Malaier, Standing Chapter 13 Trustee, and objects to confirmation as follows:

## **BACKGROUND**

Debtors filed this Chapter 13 case on September 28, 2017. The applicable commitment period is sixty months. The case is currently in the fourth month and the Meeting of Creditors has not yet been completed. The bar date for filing non-governmental claims is January 24, 2018. Scheduled unsecured claims total $73,651.00. The Trustee estimates that under the proposed plan general unsecured creditors will receive approximately $0.00.

TRUSTEE'S OBJECTION TO CONFIRMATION - 1

Michael G. Malaier
Chapter 13 Standing Trustee
1551 Broadway, Suite 600
Tacoma, WA 98402
253-572-6600

# OBJECTION

☒ Plan is not feasible:

Debtors' plan is underfunded to complete within the maximum term of sixty months. *See* attached Declaration.

☒ Plan fails to commit all excess disposable income for the applicable commitment period as required by 11 U.S.C. § 1325(b)(1)(B):

Debtors' 122C-2 contains several impermissible deductions. Debtors claim an additional telephone expense that Debtors have not provided an evidentiary basis to claim. ECF No. 16 at 7. Debtors further claim as a special circumstance the $351.63 that Debtors are paying for taxes and insurance on the inherited residence they are living in while they remodel their own house. *Id*. at 10.

Debtors are seeking to reduce the amount paid to unsecured creditors from $184,528.20 to $0. ECF No. 2 at 3. Debtors have not provided a basis for a deviation from the means test result. While a court my account for "changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation," the debtors have not identified any such changes. *Hamilton v. Lanning*, 130 S.Ct. 2464 (2010). The only reason alleged for a deviation is Debtors' self-imposed expenses related to their existing home remodel. That is not a change in circumstances. In addition, Debtors' plan fails to include the means test deviation language required by Local Bankruptcy Rule 3015-1(e). Therefore, confirmation of the plan should be denied.

Debtors' Schedule J includes an expense for home maintenance in the amount of $1,000.00 per month. ECF No. 15 at 23. Debtors indicate that this expense is to complete their home remodel. *Id*. at 24. Trustee objects that these home remodel expenses are reasonable and necessary. Debtors' creditors are essentially paying $1,000.00 per month for the Debtors' to remodel their home. There is also no provision for removing or reducing the expense once the remodel is complete.

Debtors' Schedule J includes a $269.67 per month expense for payment of real estate taxes and $275.00 per month in utilities for home Debtors live in (the home Mr. Miller has a 1/3 ownership interest in) while remodeling their residence. *Id*. Debtors' explanation is that this is the amount that they are paying this amount in exchange for living in the property. Trustee objects to the payment of these expenses as they are also not reasonable and necessary.

Debtors' Schedule J includes and expense for "Misc." in the amount of $254.00 per month. *Id*. Without an explanation of what is included in this expense the expense should not be permitted.

TRUSTEE'S OBJECTION TO CONFIRMATION - 2

Michael G. Malaier
Chapter 13 Standing Trustee
1551 Broadway, Suite 600
Tacoma, WA 98402

☒ Plan does not meet the best interests of creditors test as required by 11 U.S.C. § 1325(a)(4):

Debtors' schedules indicate that Mr. Miller has a 1/3 interest in real property with his two sisters. ECF No. 15 at 8. The tax assessed value of the property as stated by Debtors is $75,108.00; however, Debtors have only exempted $2,500.00 of what per the schedules would $25,036.00 in value. Debtors' plan needs to be amended to provide for the liquidation value of this interest prior to confirmation.

☒ Schedules or other documentation insufficient:

(1) Debtors testified at their section 341 meeting that their Schedule F would need to be amended to disclose additional creditors from a pre-petition motor vehicle accident. No amendment has been filed.

(2) Debtors testified at their section 341 meeting that Mr. Miller would be receiving an inheritance. Trustee has requested, but not received, a copy of Mr. Miller's father's will to investigate the value of that inheritance.

(3) Debtors have not yet provided the Trustee with a completed business questionnaire and supporting documents for their business Urban Electric.

(4) Debtors have not provided Trustee with all of their bank statements covering the date of filing as required by Fed. R. Bankr. P. 4002. Specifically, Debtors have not provided copies of their business bank account.

☒ Other:

Debtors have not filed all required tax returns. Prior to confirmation a debtor must have "filed all applicable Federal, State, and local tax returns as required by section 1308." 11 U.S.C. § 1325(a)(9). Under section 1308(a), a debtor must file all applicable tax returns for the 4-year period ending on the date of the filing of the petition. Pursuant to the proof of claim filed by the Internal Revenue Service, Debtors have not filed their 2014 through 2016 tax returns. Claim # 2-1. In addition, Mr. Miller testified that he may also have outstanding business taxes that are unfiled or due or both. Confirmation should be denied until such time as all required returns are filed.

**WHEREFORE**, Trustee requests that the objection to confirmation be sustained and debtors be ordered to file a motion to confirm a plan resolving the issues raised herein within 14 days of entry of the Order Sustaining Trustee's Objection to Confirmation; and to set the hearing on the next available motion calendar after the 14 days expires. If the Motion to

TRUSTEE'S OBJECTION TO CONFIRMATION - 3

Michael G. Malaier
Chapter 13 Standing Trustee
1551 Broadway, Suite 600
Tacoma, WA 98402

Confirm resolving the Trustee's issues is not filed and set for hearing as outlined above, the Trustee requests he be allowed to enter an order dismissing the case, *ex parte*, without notice.

**DATED** this 10th day of January, 2018.

_____
Mathew S. LaCroix, WSBA# 41847 for
Michael G. Malaier, Chapter 13 Trustee

### CERTIFICATE OF MAILING

I declare under penalty of perjury under the laws of the United States as follows: I mailed via regular mail a true and correct copy of the Trustee's Objection to Confirmation with Strict Compliance and Declaration to the following:

| | |
|---|---|
| Stewart Walker Miller | Dallas W. Jolley |
| Lynn Julie Miller | 4707 S. Junett St., Suite B |
| P.O. Box 6831 | Tacoma, WA 98409-6480 |
| Tacoma, WA 98417-0831 | |

The following parties received notice via ECF:

Dallas W. Jolley
US Trustee

Executed at Tacoma, Washington on the 10th day of January, 2018.

/s/Tracy Maher
Tracy Maher
Office Manager
Michael G. Malaier
Chapter 13 Trustee

TRUSTEE'S OBJECTION TO CONFIRMATION - 4

Michael G. Malaier
Chapter 13 Standing Trustee
1551 Broadway, Suite 600
Tacoma, WA 98402
253.572.4061

Case 17-43635-MJH    Doc 19    Filed 01/10/18    Ent. 01/10/18 14:54:23    Pg. 4 of 4